# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

SALVADOR ENRIQUE GUTIERREZ,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

No. C16-3071-MWB
No. CR14-3031-MWB

**INITIAL REVIEW ORDER**

_____

## I.  INTRODUCTION AND BACKGROUND

This case is before me on petitioner Salvador Enrique Gutierrez's *pro se* Motion To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody Pursuant to 28 U.S.C. § 2255 (docket no. 1). In his § 2255 motion, Gutierrez claims that he is entitled to relief under the recent United States Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557-58 (2015), in which the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violates due process because it is unconstitutionally vague. Recently, the Supreme Court held that the *Johnson* decision is retroactive because it announced a new substantive rule of constitutional law. *Welch v. United States,* 136 S. Ct. 1257, 1268 (2016).

Gutierrez's § 2255 motion is specifically before me for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it.
> If it plainly appears from the motion, any attached exhibits, and
> the record of prior proceedings that the moving party is not

entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

28 U.S.C. § 2255 Rule 4(b).

For the reasons discussed, below, it appears plainly from the face of the motion and the record that Gutierrez is not entitled to relief, and his motion is summarily dismissed with prejudice.

In an Indictment returned on July 28, 2011, Gutierrez was charged with conspiracy to possess with intent to distribute and to distribute 500 grams or more of a methamphetamine mixture which contained 50 grams or more of pure methamphetamine (Count 1), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, distributing 50 grams or more of pure methamphetamine (Counts 2 and 3), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), possessing with intent to distribute 50 grams or more of pure methamphetamine (Count 4), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and possessing a firearm in relation to a drug trafficking offense (Count 5), in violation of 18 U.S.C. § 924(c)(1)(A).

On July 31, 2014, Gutierrez entered a plea of guilty to Counts 1 and 5 of the Indictment. At Gutierrez's sentencing, on January 8, 2015, I concluded that Gutierrez's total offense level was 31 and that he had a criminal history category I.[1] The resulting advisory guideline sentence was 108 to 135 months' incarceration. However, Gutierrez's drug conviction required a mandatory minimum sentence of 120 months' incarceration on Count 1, and his conviction for possessing a firearm in relation to a drug trafficking offense required a mandatory minimum consecutive sentence of 60 months' incarceration on Count 5. I sentenced Gutierrez to 120 months' incarceration on Count 1 and 60 months'

---

[1] Gutierrez was assessed zero criminal history points, which resulted in a Criminal History Category I. *See* Sentencing Table at U.S.S.G. Ch. 5, Pt. A.

incarceration on Count 5, with the sentences to be served consecutively. Gutierrez did not appeal his conviction or sentence.

## II. LEGAL ANALYSIS

The holding in *Johnson* is inapplicable under the facts of this case, because Gutierrez's sentence was not based on the residual clause of the ACCA, or its equivalent in 18 U.S.C. § 924(e)(2)(B). Instead, Gutierrez's sentence was the result of his drug conviction requiring a mandatory minimum sentence of 120 months' incarceration on Count 1, and his conviction for possessing a firearm in relation to a drug trafficking offense requiring a mandatory minimum consecutive sentence of 60 months' incarceration on Count 5. Therefore, the *Johnson* decision is inapplicable, here, and Gutierrez's claim fails.

## III. CERTIFICATE OF APPEALABILITY

Gutierrez must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). I determine that Gutierrez's motion does not present questions of substance for appellate review and, therefore, does

not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, with respect to Gutierrez's claim, I do not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Gutierrez wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

## IV. CONCLUSION

For the reasons discussed, above, Gutierrez's motion under 28 U.S.C. § 2255 is denied in its entirety. This case is dismissed. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 14th day of June, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA